NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEMOORE T. GRAY,

              Plaintiff-Appellant,

    v.

RYAN RUSSELL, #14388, Mesa Police Officer, in both his official and individual capacities; et al.,

              Defendants-Appellees.

No. 20-16702

D.C. No. 2:19-cv-05842-ROS-DMF

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

    Arizona state prisoner Demoore T. Gray appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

failure to state a claim under 28 U.S.C. § 1915A(a). *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Gray's action because Gray failed to allege facts sufficient to show that his constitutional rights had been violated. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045-46 (9th Cir. 2018) (explaining that when a plaintiff "who has been convicted of a crime under state law seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) ("[T]he prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail." (citations omitted)).

The district court did not abuse its discretion in dismissing Gray's original complaint because it was not filed on a court-approved form. *See* D. Ariz. R. P. 3.4 (requirements for filing a complaint); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (noting that "[b]road deference is given to a district court's interpretation of its local rules").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**